**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-CV-023-DCK**

| | |
|---|---|
| GEORGE M. METCALF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) and Defendant's "Motion For Summary Judgment" (Document No. 12). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will direct that Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) be denied; that Defendant's "Motion For Summary Judgment" (Document No. 12) be granted; and that the Commissioner's decision be affirmed.

### I.     BACKGROUND

Plaintiff George M. Metcalf ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about October 4, 2013, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning June 1, 2010. (Transcript of the Record of Proceedings ("Tr.") 19, 158). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied

Plaintiff's application initially on or about April 22, 2014, and again after reconsideration on October 14, 2014. (Tr. 19, 88, 100). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling.
> In order to evaluate the claim, specific medical evidence was needed. However, we were unable to obtain this evidence because the examination we scheduled was not completed.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 100).

Plaintiff filed a timely written request for a hearing on October 29, 2014. (Tr. 19, 110). On June 16, 2016, Administrative Law Judge Jerry W. Peace (the "ALJ") held a video conference hearing from Greenville, SC. (Tr. 37). Plaintiff appeared and testified at the hearing in Asheville, NC. (Tr. 19, 37-63). In addition, Janette Clifford, a vocational expert ("VE"), and William L. Coleman, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on September 28, 2016, denying Plaintiff's claim. (Tr. 19-29). On November 18, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on December 7, 2016. (Tr. 1, 7). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 19, 2017. (Document No. 1). The parties filed a "Joint Stipulation Of Consent To Jurisdiction By US Magistrate Judge" on May 2, 2017, and this case was assigned to the undersigned Magistrate Judge.

Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) and Plaintiff's "Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P" (Document No. 11) were filed June 1, 2017; and Defendant's "Motion For Summary Judgment" (Document No. 12) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 13) were filed August 8, 2017.[1] Plaintiff declined to file a reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013) and Local Rule 7.2 (e).

On February 7, 2018, the undersigned scheduled this matter for a hearing on March 8, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues. (Document No. 14). The parties filed a "Joint Notice" (Document No. 16) on February 26, 2018, that their attempt to narrow or resolve the issues failed. The pending motions are now ripe for disposition.

After further review of this case, the undersigned will cancel the scheduled hearing and issue this decision.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

---

[1] Plaintiff failed to organize its "Memorandum Of Law…" (Document No. 11) as required by Local Rule 7.2 (b). See also "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between August 14, 2013, and the date of his decision.[2] (Tr. 19). To establish entitlement to benefits, Plaintiff has the burden of proving

---

[2] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous

4

that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 29).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since August 14, 2013, his alleged disability onset date. (Tr. 21). At the second step, the ALJ

---

period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

found that lumbar degenerative disc disease, dysfunction of the major joints (bilateral hip osteonecrosis), and affective disorder (depression) were severe impairments.[3] (Tr. 21). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 22).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium work activity, with the following limitations:

> lifting 50 pounds occasionally and 25 pounds frequently; he can never climb ladders, ropes, scaffolds, ramps, or stairs; he is limited to frequent stooping; occasional crouching, kneeling, or crawling; and occasional bilateral overhead reaching. His work is limited to simple, routine, and repetitive tasks. The individual can perform these tasks for two hour blocks of time with normal rest breaks during an eight hour workday. Also, employed in a low stress job, defined as having only occasional changes in the work setting.

(Tr. 24). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work as a warehouse laborer or roofer. (Tr. 27). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 28). Specifically, the VE testified that according to the factors given

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

by the ALJ, occupations claimant could perform included a packer, cleaner, and laundry worker. (Tr. 28). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 14, 2013, and the date of his decision, September 28, 2016. (Tr. 28-29).

Plaintiff on appeal to this Court alleges that the ALJ erred in finding Plaintiff's RFC capacity to perform a reduced range of light work, and in failing to include limitations based on Plaintiff's alleged need for a handheld assistive device. (Document No. 11, p.3).

**Plaintiff's RFC**

As noted above, the ALJ held that Plaintiff had the RFC to perform *less than a full range of medium work*. See (Tr. 24, 26, 28). Nevertheless, Plaintiff contends that the ALJ "erred in finding that Mr. Metcalf has the residual functional capacity to perform a reduced range of light work, which he mischaracterized as medium." (Document No. 11, pp.3, 6). The undersigned finds Plaintiff's alleged error to be awkwardly stated, but it is still clear that Plaintiff disagrees with the ALJ's RFC determination.

The crux of Plaintiff's argument appears to be that the "RFC contains a significant error of law, in that medium work requires an individual to perform frequent crouching but ALJ Peace found that Mr. Metcalf can only occasionally crouch." (Document No. 11, p.7). Plaintiff also argues that "[t]he ALJ must always consider the particular facts of a case when determining whether a hand-held device to aid in walking or standing is needed." (Document No. 11, p.9) (citing SSR 96-9p).

In response, Defendant argues that the ALJ decision is supported by substantial evidence and that the ALJ properly evaluated the subjective complaints. (Document No. 13, pp.5-11). Defendant notes that the ALJ considered Plaintiff's alleged use of a cane and discussed

7

examinations where he was able to ambulate normally. (Document No. 13, p.8) (citing Tr. 25) (citing Tr. 315, 517). See also (Tr. 467) ("He is progressing to walking without cane and walker"). Defendant contends that "because there is no evidence showing the cane is medically required or law requiring an ALJ to consider the impact of a non-required device, the ALJ did not err by not including a limitation in the RFC to accommodate an assistive device." Id.

In addition, Defendant asserts the ALJ's finding states that Plaintiff could perform a range of medium work, with a limitation to occasional crouching. (Document No. 13, p.10). Moreover, Defendant notes that two of the three medium level jobs identified by the VE, "cleaner" and "laundry worker," do not require *any* crouching. (Document No. 13, p.11) (citing Dictionary of Occupational Titles).

The undersigned first notes that Plaintiff does not appear to dispute that he can occasionally crouch, which is one of the limitations the ALJ includes in the RFC. (Tr. 24, 26). The ALJ also included the limitation to occasional crouching in his hypothetical to the VE. See (Tr. 60). It appears that the ALJ relied on significant evidence from the record in determining that Plaintiff could perform medium work, with limitations. The ALJ explained:

> The residual functional capacity limits the claimant to **less than the full range of medium work with postural and mental limitations** which is supported by evidence showing degenerative changes in the lumbar spine, decreased strength in lower extremities, and depression. The claimant is limited by never climbing ladders, ropes, scaffolds, ramps, or stairs; frequent stooping; **occasional crouching**, kneeling, or crawling; and occasional bilateral overhead reaching to credit his spinal weakness, fatigue, shoulder pain, hip pain, and lower extremity weakness. The claimant is further limited to simple work with low stress in the workplace to credit the claimant's moderate limitations in concentration, persistence, and pace.

(Tr. 26) (emphasis added); see also (Tr. 24). The ALJ gave "significant weight" to the opinion of Dr. Noles who found that Plaintiff "was capable of adapting to a variety of tasks" and "able to

sustain sufficient attention to complete simple routine tasks for a two-hour period at a non-production pace, and complete a normal workweek." (Tr. 25) (citing 73-84). Elsewhere in the decision, the ALJ also noted the following:

> On November 25, 2015, the claimant was further reassessed for bilateral hip osteonecrosis pain (9F). His **clinical assessment showed slow to stand, used a cane**, had difficulty lying down due to left hip pain, severe pain with internal rotation of the bilateral hips, pain with straight leg raising on hips bilaterally, diffuse knee crepitus bilaterally, and moderate tenderness of the lateral and medial left knee. On March 22, 2016, the claimant underwent left hip surgery, which proved to alleviate his symptoms (11F-12F). For example, post-surgical assessments revealed good gait speed (13F/37) **and progressively walking without a cane or walker** (12F/ 1). The claimant also reported that he was happy with the surgical results (12F/ l).

(Tr. 25). Then later in the decision the ALJ stated:

> There are several reasons why the claimant's allegations of debilitating symptoms are not generally consistent with the medical evidence of record. Despite allegations of debilitating musculoskeletal pain, the record reflects that **the treatment measures were generally successful in relieving the symptoms**. For example, **clinical findings show improved symptoms** following medication treatment (11 F/20), **great progress following hip surgery** (12F/ 1), **progressively walking without a cane or walker** (12F/1), left knee functional weakness appeared to be improved (8F/2), and **good gait speed following physical therapy** (13F/27). Despite his impairments, the claimant engaged in a somewhat normal level of daily activity and interaction.

(Tr. 27) (emphasis added).

The above excerpts indicate an adequate explanation by the ALJ, citing substantial evidence in the record. To be sure, the Plaintiff disagrees with the decision, and would prefer that this Court weigh the evidence differently, but that is not the Court's role. As noted in the standard of review, so long as the Commissioner's decision is supported by substantial evidence, it must be

affirmed even if the reviewing court disagrees with the final outcome.  Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

Based on the foregoing, including Defendant's arguments in its "Memorandum In Support…," the undersigned will deny Plaintiff's motion and grant Defendant's motion.

## IV.	CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned finds that the Commissioner's decision should be affirmed.

**IT IS, THEREFORE, ORDERED** that:  Plaintiff's "Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 10) be **DENIED**;  Defendant's "Motion For Summary Judgment" (Document No. 12) be **GRANTED**;  and the Commissioner's determination be **AFFIRMED**.

**IT IS FURTHER ORDERED** that the hearing scheduled for **March 8, 2018** on the pending motions in this matter is hereby **CANCELLED**.

Signed: March 5, 2018

David C. Keesler
United States Magistrate Judge